```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
JESSICA ROGER,

                         Plaintiff,         MEMORANDUM & ORDER
                                            13-CV-5290(JS)(ARL)
          -against-

COUNTY OF SUFFOLK, SUFFOLK COUNTY
POLICE DEPARTMENT, POLICE OFFICER
FRANK SANTANELLO in his individual
and official capacities, JOHN DOE
OFFICERS 1-10,

                         Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:      Frederick K. Brewington, Esq.
                    Tricia Sophia Lindsay, Esq.
                    Law Offices of Frederick K. Brewington
                    556 Peninsula Boulevard
                    Hempstead, New York 11550

For Defendants:     Arlene S. Zwilling, Esq.
                    Suffolk County Attorney
                    H. Lee Dennison Building-Fifth Floor
                    100 Veterans Memorial Highway
                    P.O. Box 6100
                    Hauppauge, New York 11788-0099
```

SEYBERT, District Judge:

In this Section 1983 action stemming from her 2012 arrest, Plaintiff Jessica Roger brings several claims against the County of Suffolk and related defendants. (Compl., D.E. 1.) Defendants now move for partial summary judgment dismissing Plaintiff's malicious prosecution claim. (Def. Mot., D.E. 54; Def. Br., D.E. 54-1; Pl. Opp., D.E. 55; Def. Reply, D.E. 56.) For the following reasons, Defendants' motion is GRANTED.

BACKGROUND

I.  Factual Background[1]

On September 23, 2012, defendant Police Officer Frank Santanello responded to Plaintiff's home after she called 911 following an altercation at a party she was hosting. (Pl. Counterstmt. ¶¶ 1-5.) Santanello ultimately charged[2] Plaintiff with two misdemeanors of obstructing governmental administration (N.Y. PENAL LAW § 195.05), resisting arrest (N.Y. PENAL LAW § 205.30), and a violation of harassment (N.Y. PENAL LAW § 240.26) (Def. Stmt. ¶ 1.) On April 7, 2016, all these charges were dismissed pursuant to New York's speedy trial statute (N.Y. CRIM. PROC. LAW § 30.30. (Def. Stmt. ¶ 2.)

DISCUSSION

I.  Legal Standard

    A.  Summary Judgment

---

[1] The facts are drawn from the parties Local Rule 56.1 Statements (Def. Stmt., D.E. 50-1; Pl. Stmt. & Counterstmt., D.E. 50-2). Defendants' statement consists of two paragraphs regarding the date Plaintiff was charged and the date the charges were dismissed. Plaintiff, endeavoring to "demonstrate the level and complexity of the disputed issues which permeate this case," (Pl. Stmt. ¶ 1) provides 35 paragraphs of material facts in her counterstatement that Defendants have not disputed.

[2] The parties likely dispute the events that occurred prior to Plaintiff's arrest. While these disputes are relevant to the other causes of action in the Complaint, the Court finds that they are not necessary to resolve this partial motion.

2

Summary judgment will be granted where the movant demonstrates that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine factual issue exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed 2d 202 (1986). Here, the parties agree on the relevant material facts, but dispute the applicable legal standard for a "favorable termination" in the context of a Section 1983 malicious prosecution claim.

B. Malicious Prosecution

A claim for malicious prosecution under Section 1983 has four elements: "(1) the initiation or continuation of a criminal proceeding; (2) termination of the proceeding in the plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for the defendants' actions." Jones v. City of N.Y., No. 19-CV-9126, 2019 WL 6529303, at *3-4 (S.D.N.Y. Dec. 3, 2019) (citing Murphy v. Lynn, 118 F.3d 938, 947 (2d Cir. 1997). The only dispute here is over the "favorable termination" element.

"To state a claim for malicious prosecution under Section 1983, a plaintiff must 'show that the underlying criminal proceeding ended in a manner that affirmatively indicates [her] innocence.'" Hagans v. Nassau Cty. Police Dep't, No. 18-CV-1918,

3

2020 WL 1289529, at *6 (E.D.N.Y. Mar. 18, 2020) (quoting Lanning v. City of Glens Falls, 908 F.3d 19, 22 (2d Cir. 2018). "Thus, where a dismissal in the interest of justice leaves the question of guilt or innocence unanswered, it cannot provide the favorable termination required as the basis for that claim." Id. (internal quotation marks and citations omitted).

The favorable termination "element is defined more narrowly in the context of malicious prosecution claims brought under § 1983 than those brought under New York state law." Nelson v. City of N.Y., No. 18-CV-4636, 2019 WL 3779420, at *11 (S.D.N.Y. Aug. 9, 2019) (noting that for a claim under New York state law, "'any termination . . . qualifies as a favorable termination, so long as the circumstances surrounding the termination are not inconsistent with the innocence of the accused'" (quoting Cantalino v. Danner, 96 N.Y.2d 391, 395, 754 N.E.2d 164, 167 (2001)). And "[u]nder New York law, a dismissal on speedy trial grounds, where the circumstances are otherwise not inconsistent with a plaintiff's innocence, has long been established to be a favorable termination." Id.

The Second Circuit has not squarely resolved the question, however, and after its recent Lanning decision, courts in this Circuit have disagreed as to whether a speedy trial dismissal constitutes a favorable termination. Compare Alvarez v. Peters, No. 19-CV-6789, 2020 WL 1808901, at *1 n.5 (E.D.N.Y.

4

Apr. 9, 2020) ("a speedy trial dismissal constitutes a favorable termination for purposes of a Section 1983 malicious prosecution claim") and Nelson, 2019 WL 3779420 at *12 ("[t]here are, nonetheless, strong indications in Lanning that the Second Circuit would regard a dismissal under the state speedy trial provision as a favorable termination under § 1983") with Thompson v. City of N.Y., No. 17-CV-3064, 2019 WL 162662, at *4 (S.D.N.Y. Jan. 10, 2019) ("[t]he dismissal of [the plaintiff's] case on speedy trial grounds does not affirmatively indicate his innocence, as required under Section 1983") and Roman v. City of N.Y., No. 17-CV-2697, 2020 WL 1516336, at *9 (S.D.N.Y. Feb. 4, 2020), R&R adopted, 2020 WL 1503639 (recommending dismissal of claim on summary judgment because "[t]ermination of proceedings due to the expiration of time on speedy trial grounds is not a termination in the plaintiff's favor for the purposes of a malicious prosecution claim."). Defendant argues that Plaintiff's speedy trial dismissal is not a favorable termination, and Plaintiff contends that it is.

This Court agrees with the line of cases holding that a speedy trial dismissal is not a favorable termination because it "does not affirmatively indicate [Plaintiff's] innocence, as required under Section 1983." Jamison v. Cavada, No. 17-CV-1764, 2019 WL 6619328, at *5 (S.D.N.Y. Dec. 5, 2019) (The "[p]laintiff cannot demonstrate that the proceedings were terminated in his

5

favor and, as a result, has failed to make a showing sufficient to establish the existence of an element essential to his malicious prosecution claim. Thus, Defendant is entitled to summary judgment as a matter of law as to this claim."). In Lanning, the Second Circuit confirmed the distinction between the favorable termination element in New York state claims and Section 1983 claims. While, as stated earlier, New York simply requires a termination not inconsistent with a plaintiff's innocence, federal law requires the opposite: a termination in a manner indicative of innocence. Lanning, 908 F.3d at 25.

New York's speedy trial statute does not mandate dismissal of an action when a defendant is demonstrably innocent--it requires dismissal where the prosecution is not ready for trial within certain specified time periods. If the prosecution does not comply with the statute, its case will be dismissed even as to the most guilty defendant. See generally N.Y. CRIM. PROC. LAW § 30.30; Smith-Hunter v. Harvey, 95 N.Y.2d 191, 198, 734 N.E.2d 750, 755 (2000) (in holding that New York merely requires a termination not inconsistent with innocence, noting that "[t]he CPL 30.30 dismissal was sought and granted as a matter of statutory right based on the prosecutor's inaction."). Accordingly, a dismissal on these grounds does not satisfy the federal requirement that a prosecution is "terminated in a manner indicating [ ] innocence." Id. at 29. Plaintiff has not thus satisfied the

6

"favorable termination" requirement here, and Defendants are entitled to summary judgment on her malicious prosecution claim.

## CONCLUSION

For the foregoing reasons, Defendants' partial summary judgment motion (D.E. 54) is GRANTED.  Plaintiff's malicious prosecution claims are DISMISSED with prejudice.  The parties shall advise Magistrate Judge Arlene R. Lindsay within thirty (30) days of the date of this Order whether they desire another settlement conference and the parties shall abide by all pretrial deadlines set by the Court.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: April  29 , 2020
       Central Islip, New York